1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

YASIR MEHMOOD,

    Petitioner

v.

NSDC, CCA, et al.,

    Respondents

2:15-cv-01522-JAD-CWH

**Order Dismissing Petition and Denying Pauper Application [ECF 1, 3]**

This action is a petition for writ of habeas corpus by Yasir Mehmood, who claims he is incarcerated in the Nevada Southern Detention Center, in Pahrump, Nevada, awaiting a criminal trial in the United States District Court for the Eastern District of California. ECF 1.

Mehmood has filed an application to proceed *in forma pauperis*. ECF 3. The application is inadequate. 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2 require a petitioner to attach both an inmate account statement for the past six months. The court provided Mehmood with the proper form for his *in forma pauperis* application, but Mehmood did not use that form. *See* ECF 2 (Order entered August 18, 2015).

Mehmood's habeas petition was not submitted on the court's approved form either. This court's local rules require *pro se* habeas petitioners like Mehmood to file their petitions on the court's approved form. *See* Local Rules of Special Proceedings 3-1 ("A petition for a writ of *habeas corpus*, filed by a person who is not represented by an attorney, shall be on the form provided by this Court.").

Finally, Mehmood asserts in his habeas petition that he receives inadequate law-library access at the institution where he is incarcerated and he seeks an order of this court requiring the institution to provide him five to seven hours per day of library access. Mehmood's request for this type of relief is not cognizable in this habeas proceeding. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to

1  secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Heck*

2  *v. Humphrey*, 512 U.S. 477, 481 (1984) ("[H]abeas corpus is the exclusive remedy for a state

3  prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier

4  release...."); *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir.2003) ("[H]abeas jurisdiction is absent,

5  and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily

6  shorten the prisoner's sentence."); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991) ("Habeas corpus

7  proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of

8  confinement.  A civil rights action, in contrast, is the proper method of challenging 'conditions of ...

9  confinement.'" (citations omitted)).  Law-library access is a condition of confinement.  To challenge

10  it, Mehmood must do so in a civil-rights action, not in this habeas-corpus action.

11      For all these reasons, the court will dismiss this habeas-corpus action without prejudice under

12  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

13                                        **Conclusion**

14      **IT IS THEREFORE ORDERED** that the petitioner's application to proceed *in forma*

15  *pauperis* (ECF 3) is **DENIED**.

16      **IT IS FURTHER ORDERED** that this action is **DISMISSED**.

17      **IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

18      **IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to enter judgment

19  accordingly and close this case.

20      Dated this 24th day of September, 2015

21

22      _____

23      Jennifer A. Dorsey
        United States District Judge

24

25

26

27

28